Filed 4/2/24  P. v. Ranieri CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>STEPHEN RANIERI,<br><br>  Defendant and Appellant. | 2d Crim. No. B332033<br>(Super. Ct. No. KA031043)<br>(Los Angeles County) |

Stephen Ranieri appeals the trial court's denial of his motion for resentencing pursuant to Penal Code section 1172.6 (formerly § 1170.95).[1]  Appellate counsel filed an opening brief informing this court that she reviewed the record and could not find any arguable issues to raise on appeal.  Counsel requested that we send the opening brief to Ranieri and inform him of his right to file a supplemental letter or brief.  We so informed Ranieri and he filed a supplemental letter.  We have evaluated the supplemental letter and find no issues of merit.  (*People v.*

---

[1] All statutory references are to the Penal Code.

*Delgadillo* (2022) 14 Cal.5th 216, 232 [when appellate counsel has found no arguable issues and the appellant submits a supplemental brief or letter, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion"].) Accordingly, we conclude that the court properly denied Ranieri's resentencing motion, and affirm.

## FACTUAL AND PROCEDURAL HISTORY[2]

This appeal concerns the 1996 willful, premeditated, and deliberate attempted murder of Demond White following an altercation during a basketball game at a Covina park. When Ranieri retrieved a firearm from a blanket, White and the other basketball players ran away. Ranieri followed White, and shot at him.

A jury convicted Ranieri of willful, premeditated, and deliberate attempted murder and assault with a deadly weapon. (§§ 664, 187, subd. (a), 245, subd. (a)(2).) It also found that he personally used a firearm during commission of the crimes. (§ 12022.5, subd. (a).) In a separate proceeding, the trial court found that Ranieri suffered two prior serious felony and strike convictions. (§§ 667, subd. (a), 667, subds. (b)-(i), 1170.12, subds. (a)-(d).) Ranieri received a prison sentence of 45 years to life. We affirmed the conviction in *People v. Ranieri, supra*, B114080.

At Ranieri's trial, the court instructed regarding the elements of willful, deliberate, and premeditated attempted murder, including the requirement of specific intent to kill. (CALJIC No. 3.31.) The court did not instruct regarding felony

---

[2] Our factual summary is derived from the unpublished opinion in Ranieri's direct appeal. (*People v. Ranieri* (June 17, 1999, B114080).)

2

murder, the natural and probable consequences doctrine, or any theory of imputed malice.

On October 3, 2022, Ranieri brought a motion for resentencing pursuant to section 1172.6.  He asserted that his conviction rested upon a natural and probable consequences doctrine.  Ranieri also denied acting with malice or reckless indifference to human life.

The trial court denied the motion at the prima facie stage, stating that Ranieri was "the actual shooter."  The court concluded that the jury was not instructed regarding felony murder or the natural and probable consequences doctrine.  It therefore decided that Ranieri is ineligible for resentencing as a matter of law because his conviction did not rest upon any theory of imputed malice.

Ranieri's counsel has requested that we undertake an independent review of the record.  We decline this invitation and instead briefly respond to the argument Ranieri raises in his supplemental brief.  (*People v. Delgadillo, supra,* 14 Cal.5th 216, 231-232.)

## *DISCUSSION*

A person is entitled to resentencing relief pursuant to section 1172.6 if (1) "[a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder [or] murder under the natural and probable consequences doctrine"; (2) the petitioner "was convicted of murder"; and (3) the petitioner "could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019."  (*Id.*, subd. (a)(1)-(3).)  In January 2019, our Legislature amended section 188 to provide that "in order to be convicted of murder, a principal in

3

a crime shall act with malice aforethought" and that "[m]alice shall not be imputed to a person based solely on his . . . participation in a crime." (*Id.,* subd. (a)(3), as amended by Stats. 2018, ch. 1015, § 2.)  The amendment ensures that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, nor was not a major participant in the underlying felony who acted with reckless indifference to human life. (*People v. Lewis* (2021) 11 Cal.5th 952, 959.)

Effective January 1, 2022, the Legislature amended section 1172.6 to include the crime of attempted murder under the natural and probable consequences doctrine. (Stats. 2021, ch. 551, § 2.)

The trial court may consider the defendant's record of conviction, including the court's own documents, in assessing whether he has made a prima facie case for relief pursuant to section 1172.6. (*People v. Lewis, supra,* 11 Cal.5th 952, 971-972 [record of conviction includes jury summations, jury instructions, verdict forms, and prior appellate opinions].)  Here the court's jury instructions rested upon willful, premeditated, and deliberate attempted murder, not any theories of imputed malice. The court also instructed regarding the requirement of specific intent to kill. (*People v. Coley* (2022) 77 Cal.App.5th 539, 547-548.)

In his supplemental letter, Ranieri contends that his attorney generally failed to render effective assistance of counsel. Ranieri also claims that he merely shot his firearm into the air, not at White.  Ranieri's contentions have no bearing on this appeal which concerns section 1172.6 resentencing in convictions resting upon the felony murder or natural and probable consequences doctrines.  Moreover, matters of the weight of the

4

evidence are questions for the trier of fact.  These matters were determined adversely to Ranieri at trial and we do not redetermine them.  (*People v. Thomas* (2023) 14 Cal.5th 327, 378.)

*DISPOSITION*

The order is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

BALTODANO, J.

5

Jacqueline H. Lewis, Judge

Superior Court County of Los Angeles

_____

Nancy Gaynor, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.